**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| In Re ) | |
| ) | |
| HENRY R. TIBURZI ) | Chapter 13 |
| ) | |
| Debtor ) | Case No. 24-12888-NVA |
| ) | (Chapter 13) |
| AL'S FELLS POINT SEAFOOD ) | |
| INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 24- |
| ) | |
| v. ) | |
| ) | |
| HENRY R. TIBURZI, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff Al's Fells Point Seafood Incorporated ("Plaintiff" or "Al's Seafood"), by its attorney, Robert B. Schulman, Leslie D. Hershfield and Schulman, Hershfield & Gilden, P.A. files this suit against Debtor Henry R. Tiburzi ("Debtor" or "Tiburzi") and alleges as follows:

### **Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) because this is a civil proceeding arising under title 11 of the United States Code.

2. Tiburzi is the debtor in the Chapter 13 case captioned *In re Henry R. Tiburzi*, Case No. 24-12888 (Bankr. D. Md. Balt. Div.).

3. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a), because the Debtor's Chapter 13 case is pending in this district.

4. This is core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

5. Plaintiff is a Maryland limited liability company in good standing in Maryland.

6. Tiburzi is a natural person and is the Debtor in this case.

**Factual Background**

7. On February 8, 2022, Plaintiff filed an action against Debtor in the Circuit Court for Baltimore County, captioned *Al's Fells Point Seafood Incorporated v. Henry R. Tiburzi, et al.*, Case No. C-03-CV-22-000555 ("Baltimore County Action"), asserting, among other allegations, that:

   a. On or about October 22, 2020, Plaintiff suffered an extensive fire to both levels of its restaurant and entire kitchen of the restaurant, carryout restaurant and liquor store in Essex, Maryland.

   b. As a result of the fire, Plaintiff retained the services of Debtor to repair and restore the restaurant, as the Debtor claimed he was one of Baltimore's leading recovery specialists and experienced construction restoration specialists and companies.

   c. Plaintiff notified Debtor that he had obtained funds from insurance proceeds.

   d. After this notice from Plaintiff, Debtor began to repair and restore the restaurant and seek payments pursuant to specific draw requests.

   e. That pursuant to the agreement between Plaintiff and Debtor, Debtor agreed to submit all requests for monetary draws ("Request for Draws") as work was satisfactorily completed on Al's Seafood restaurant.

   f. However, **none of the work** that Debtor alleged was completed was completed in a workmanlike and satisfactory manner. For example, Baltimore County **never issued any permits** for any of the work allegedly done by Debtor.

      g.      Debtor submitted his first Request for Draw on or about April 21, 2021, for work that Debtor advised Plaintiff was satisfactorily completed on the premises of Plaintiff. (Exhibit A). However, Debtor did not complete the work or completed the work referenced in the first Request for Draw in an improper and/or incomplete manner.

      h.      The amount of the first draw request was $214,155.58 which was paid by Fulton Bank on behalf of Plaintiff to Debtor on or about April 28, 2021. (Exhibit B).

      i.      The amount of the second draw request was $159,000.00 which was paid by Fulton Bank on behalf of Plaintiff to Debtor on or about May 26, 2021. (Exhibit C). However, Debtor did not complete the work or completed the work referenced in the second Request for Draw in an improper and/or incomplete manner.

      j.      The amount of the third draw request was $492,659.02 which was rejected by Plaintiff as it was for repair and restoration work that was done improperly, not completed and/or not yet started. (Exhibit D).

      k.      Thereafter, Debtor submitted a revised draw request for $167,335.70 which was also rejected by Plaintiff, as, once again, it was for repair and restoration work that was done improperly, not completed and/or not yet started (Exhibit E).

      l.      Defendant then submitted yet another draw request, this time for $121,837.59 which was paid by Fulton Bank on behalf of Al's Seafood to Debtor. (Exhibit F). However, Debtor did not complete the work or completed the work referenced in the third Request for Draw in an improper and/or incomplete manner.

      m.      Despite receiving approximately $500,000.00 in payments from Plaintiff as payments on behalf of Plaintiff by Fulton Bank, Debtor failed to properly perform the work necessary to restore Plaintiff's restaurant, has performed incomplete work, has completed work in a shoddy, careless and improper manner and proceeded to perform repair and restoration work

3

**without obtaining approvals or permits** from the Baltimore County Department of Permits Approvals and Inspections.

  n. Additionally, the work performed pursuant to the agreement between the parties was negligently performed in that much of the work was visibly defective, of poor construction, incomplete and below industry standards.

  o. At all times relevant to this Complaint, Debtor fraudulently concealed from Plaintiff that not only was he not a licensed contractor in Maryland and under Maryland law.

  p. The damages that Plaintiff has incurred and will continue to incur will include re-doing all of the work that Debtor had done, the cost of not being able to open its' restaurant in a timely manner, the cost of completing the work done inappropriately and improperly by Debtor, including the loss of business revenue, and other consequential damages that Debtor has directly caused.

  q. For example, Plaintiff has incurred the following damages as a result of the actions and omissions of Debtor:

  1) The new upstairs floor sheathing is insufficient and will need to be replaced;

  2) The wood vertical supports of the roof framing are inadequate and must be modified to ensure the structural integrity of the roof;

  3) The wood stud wall installed in the front of the exterior masonry walls of the building will need to be replaced as the roof joists were just pocketed into the masonry wall and not appropriately secured;

  4) The girder beam is severely overstressed and must be removed and replaced to ensure the structural integrity of the roof;

5) The steel beams that support the second-floor framing are not structurally adequate to support the wood joists and corresponding live load of 100 PSF and should be removed and replaced;

6) All existing 2x10 wood joists sistered with new 2x10 wood joists need additional installation including the addition of multiple screws and bolts to ensure proper structural connection;

7) The sheathing for the floor is inadequate and not appropriate for a dining room that has a live load of 100 PSF;

8) The attic trusses do not support a dining room live load of 100 PSF;

9) Many of the exterior and interior masonry walls are in need of repair;

10) The interior wood studs located along the inside face of the walls need to be removed and replaced to ensure adequate structural connection;

11) A large portion of the slab on grade should be removed and replaced;

12) Ramps will need to be installed to conform to building codes;

13) Additional portions of the slab on grade will need to be removed for the addition of mechanical piping;

14) The new mechanical units on the roof will need additional support;

15) The new commercial kitchen will need structural support for the kitchen hood;

16) The new steel wide flange beams located in the dining room will require structural support;

17) The new foundation will require structural support;

5

        18)      Mechanical shafts will be required on the floor and roof;

        19)      The siding on the exterior rear wall was installed incorrectly;

        20)      The roof installation was installed incorrectly and has not been completed;

        21)      The new roof mean in the main area upstairs is not an appropriate size and will not support the applicable load capacity; and

        22)      Various other defects, omissions, incomplete, incorrect and improper work by Debtor.

        r.      Debtor conspired to spread a web of lies and deceit concerning the workmanship of the repairs, the progress of the repairs and the cost of the repairs.

        s.      In short, Debtor repeatedly, intentionally, and negligently represented that the repair and restoration work on Plaintiff's restaurant was being completed in a proper and workmanlike manner, when in fact it was not.

        t.      Debtor also repeatedly, intentionally, and negligently misrepresented the status of the repair and restoration of Al's Seafood restaurant.

        u.      Debtor also repeatedly, intentionally, and negligently mispresented the cost of the repair and restoration of Al's Seafood restaurant.

        v.      Debtor repeatedly submitted draw requests for work not performed in effect falsely representing the status of the renovations.

        8.      Accordingly, the work that was done by Debtor on Al's Seafood is worthless and of no value.

## COUNT I

### Objection to Discharge of Debt Pursuant to 11 U.S.C. § 523(a)(6)

9. The allegations of all of the preceding paragraphs are repeated, realleged and incorporated as though fully set forth herein.

10. 11 U.S.C. § 523(a)(6) provides that a "discharge under 727 …. of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity of to the property of another entity.

11. In the context of Section 523(a)(6), "willful" means a deliberate or intentional act.

12. In the context of Section 523(a)(6), "malicious" does not require a showing of malice or subjective ill will to a creditor, but merely requires a showing that the debtor has acted with a knowing disregard for the rights of another.

13. Here, Debtor caused willful and malicious injury, because, while retained by Plaintiff to perform work on Plaintiff's property, Debtor knowingly and intentionally, defrauded Plaintiff by representing that work that was performed was not performed, by performing work in a substandard manner and by performing all work **without any permits** from Baltimore County.

14. Debtor knew his representations were false when he made them. Debtor was desirous of inducing Plaintiff to proceed with the repair and restoration of Plaintiff's restaurant and their representations were made with the intention of having Plaintiff act and rely upon them.

15. The repeated false representations of Defendant to Plaintiff were made for the purpose of defrauding Plaintiff.

16. Debtor repeatedly advised Plaintiff that his work was done in a timely and workmanlike manner.

17. Debtor's failure to disclose the existence of improper, negligent and unworkmanlike services constituted a failure to disclose a material fact, which he had a duty to disclose.

18. Plaintiff relied on the multiple false statements and assertions of Debtor, and Plaintiff was justified in its reliance.

19. As a result of Debtor's concealment, Plaintiff suffered significant monetary and compensatory damages.

20. That on multiple occasions, Debtor, for his own personal benefit, submitted requests for draws and requests for payment to Plaintiff.

21. Debtor knew his representations were false when he made them. Debtor was desirous of inducing Plaintiff's intention of having Plaintiff act and rely upon them.

WHEREFORE, Plaintiff requests the entry of an order in its favor and against the Debtor pursuant to 11 U.S.C. § 523(a)(6) determining that (i) the Claim is non-dischargeable; and (ii) awarding reasonable attorney's fees and costs; and (iii) such further relief as justice and its cause require.

## COUNT II

### Objection to Discharge of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A)

22. The allegations of all the preceding paragraphs are repeated, realleged and incorporated as though fully set forth herein.

23. The Claim is a debt owed by the Debtor to Plaintiff for money obtained by false pretenses, false representation and/or actual fraud.

24. Debtor engaged in a fraudulent scheme to obtain, and did obtain money based on false pretenses, false representation and/or actual fraud.


25. Debtor knowingly and willfully participated in the scheme to defraud Plaintiff, with knowledge of its fraudulent nature and with the specific intent to defraud.

26. In the course of carrying out the scheme to defraud, Debtor made numerous omissions and representations of facts that he knew to be false.

26. The misrepresentations were willful and deliberate and made for the purpose of defrauding Plaintiff. At the time the representations and omissions were made, Debtor knew that the representations were false.

29. Plaintiff reasonably and justifiably relied on the Debtor's misrepresentations of fact and/or omissions of material fact.

30. Plaintiff has sustained substantial damages as a direct, proximate and foreseeable result of the Debtor's actions, misrepresentations and omissions.

31. As a result of Debtor's willful and fraudulent conduct, Plaintiff is entitled to an Order determining that the amounts owed to Plaintiff are non- dischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

WHEREFORE, Plaintiff requests the entry of an order in its favor and against the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A) determining that (i) the Claim is non-dischargeable; and (ii) awarding attorney's fees and costs; and (iii) such further relief as justice and its cause require.

32. The Claim is a debt owed by the Debtor to Plaintiff for money which were incurred as a result of the false and misleading statements and actions of Debtor.

33. Plaintiff reasonably and justifiably relied on the representations, statements and actions of Debtor.

34. Plaintiff sustained substantial damages as a direct, proximate and foreseeable result of its reliance upon Debtor's false and misleading actions and statements.

35. As a result of the Debtor's willful and fraudulent conduct, Plaintiff is entitled to an Order determining that the Claim, and all claims relating thereto, are non-dischargeable pursuant to § 523(a)(2)(B) of the Bankruptcy Code.

WHEREFORE, Plaintiff requests the entry of an order in its favor and against the Debtor pursuant to 11 U.S.C. § 523(a)(2)(B) determining that (i) the Claim is non-dischargeable; and (ii) awarding reasonable attorney's fees and costs; and (iii) such further relief as justice and its cause require.

Dated: May 22, 2024                                             Respectfully Submitted,

*/s/ Robert B. Schulman, Esq.*
Robert B. Schulman
CPF No. 7306010108
RBS@shg-legal.com
Leslie D. Hershfield, Esquire
CPF No. 8912180258
lhershfield@shg-legal.com
Schulman, Hershfield & Gilden, P.A.
One East Pratt Street, Suite 904
Baltimore, Maryland 21202
Tel: (410) 332-0850
Fax: (410) 332-0866
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23th day of May, 2024, the foregoing Complaint was filed electronically through the Court's CM/ECF System on and served upon the parties listed on the Debtor's mailing matrix.

*/s/ Robert B. Schulman*
Robert B. Schulman

10